IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-CR-00048-KDB-DSC-1

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERRY WAYNE GRANT | ) | |
| | ) | |

**THIS MATTER** is before the Court upon what can most liberally be read as a motion of the defendant *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and appointment of counsel. (Doc. No. 163). Defendant presents no facts, no reasons for a reduction in sentence. His conclusory and unsupported motion will be denied without prejudice.

A defendant has no constitutional right to the appointment of counsel to file post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. *See* 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, Defendant has not established that the interests of justice require the appointment of counsel. *See United States v. Riley*, 21 F. App'x 139, 141-42 (4th Cir.

2001). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant, at this time.

**IT IS, THEREFORE, ORDERED**, that the defendant's pro se motion for compassionate release (Doc. No. 163), is **DENIED** without prejudice to a renewed motion properly supported by evidence.

**SO ORDERED.**

Signed: November 15, 2023

Kenneth D. Bell
United States District Judge